# EXHIBIT 1

Marc D. Fink (MN License No. 343407)
Center for Biological Diversity
4515 Robinson Street
Duluth, Minnesota 55804
Ph: 218-525-3884; Fax: 218-525-3857
E-Mail: mfink@biologicaldiversity.org

John Buse (CA Bar No. 163156), *pro hac vice*
Center for Biological Diversity
5656 S. Dorchester Avenue, # 3
Chicago, Illinois 60637
Ph: 323-533-4416
E-Mail: jbuse@biologicaldiversity.org

James J. Tutchton (CO Bar. No. 21138), *pro hac vice*
Environmental Law Clinical Partnership
University of Denver, Sturm College of Law
2255 E. Evans Ave., Room 365H
Denver, Colorado 80208
Ph: 303-871-6034; Fax: 303-871-6991
E-Mail: jtutchton@law.du.edu

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANIMAL PROTECTION INSTITUTE, and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK HOLSTEN, in his official capacity as Commissioner of the Minnesota Department of Natural Resources, <br><br> Defendant, and <br><br> MINNESOTA TRAPPERS ASSOC., et al, <br><br> Defendant-Intervenors. | Civil No. 06-3776 (MJD/RLE) <br><br> **AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Page 1, AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**PRELIMINARY STATEMENT**

1.   Plaintiffs, Animal Protection Institute and the Center for Biological Diversity allege that Defendant, Mark Holsten, sued in his official capacity as Commissioner of the Minnesota Department of Natural Resources (hereinafter "DNR"), has and is violating Section 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538, by authorizing and allowing trapping and snaring activities that "take" Canada Lynx, a species that is listed as protected from take under the ESA.  Plaintiffs seek both declaratory and injunctive relief to stop these ongoing violations of Federal law.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); § 2201 (declaratory relief), § 2202 (injunctive relief), and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision).  As required by the ESA's citizen suit provision, 16 U.S.C. § 1540(g), Plaintiffs furnished DNR and the U.S. Secretary of the Interior with written notice of intent to sue for the violations of law alleged in this Complaint more than sixty days ago.  DNR has not remedied these violations of law and the Secretary of Interior has not acted to enforce the ESA.  An actual controversy exists between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

3.   Venue is proper in this judicial district pursuant to 16 U.S.C. § 1540(g)(3)(A), because the alleged violations of the ESA are occurring in this district, and pursuant to 28 U.S.C. § 1391(b), as DNR resides in this district and the events giving rise to Plaintiffs' claims occur in this district.

**PARTIES**

4. Plaintiff, Animal Protection Institute ("API") is a national, non-profit organization dedicated to advocating for the protection of animals from cruelty and exploitation. API brings this action of behalf of itself and its adversely affected members. API has tens of thousands of members and supporters living throughout the country. Approximately 494 of API's members live in Minnesota. API's members regularly use lands throughout Minnesota for recreational and other purposes, including lands inhabited by Canada Lynx. API's members derive scientific, recreational, conservation, and aesthetic benefits from these species' existence in the wild and from observing and attempting to observe individual animals of these species. API and its members research, study, observe, and seek protection for Canada Lynx that live in Minnesota and throughout the United States. API is currently a plaintiff in two civil suits requesting greater governmental protection of Canada Lynx in Colorado and New Mexico.

5. Plaintiff Center for Biological Diversity is a non-profit corporation with over 35,000 members dedicated to the preservation, protection, and restoration of biodiversity and ecosystems throughout the world. The Center works to insure the long-term health and viability of animal and plant species across the United States and elsewhere, and to protect the habitat these species need to survive.

6. Plaintiffs and their members rely on DNR to comply fully with the Section 9 take prohibitions of the ESA, which ensure that state agencies and citizens do not trap, attempt to trap, or cause or allow the trapping of federally listed threatened and endangered species such as Canada Lynx. Plaintiffs' members derive scientific, recreational, conservation, spiritual, and aesthetic benefits from the preservation and protection of threatened and endangered species

under the ESA, including Canada Lynx. Plaintiffs' members have spent, and plan to further spend, time in the habitat of Canada Lynx in Minnesota hoping to observe this species. The interests of Plaintiffs and their members are adversely affected by DNR's trapping and snaring regulations, which have allowed and are causing imminent take of Canada Lynx. Plaintiffs' members have been, are being, and unless the requested relief is granted, will continue to be adversely affected and injured by DNR's failure to comply with the ESA.

7. Defendant, Mark Holsten, is sued in his official capacity as Commissioner of the Minnesota Department of Natural Resources ("DNR"). As Commissioner of DNR Mr. Holsten has authority over public lands and waters, State parks and forests, and all wildlife in Minnesota. Mr. Holsten is responsible for all actions of the DNR, including the promulgation and enforcement of Minnesota's trapping and snaring regulations, and for ensuring compliance with Federal laws such as the ESA.

## STATUTORY BACKGROUND: THE ESA

8. The ESA is designed to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

9. Principal among the ESA's system of species protection is the Section 9 prohibition rendering it illegal for any "person" to "take" any species listed as endangered. 16 U.S.C. § 1538(a)(1)(B). This Section 9 prohibition against taking applies equally to species listed as threatened. 50 C.F.R. § 17.31.

10. The term "take" is defined as "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19).

11. To "trap" or snare an endangered or threatened animal is to "take" that animal regardless of whether the trapping results in actual injury or death. Trapped animals, even if released unharmed, are both "trapped" and "captured" within the ESA's definition of take. Trapping animals also violates the ESA "take" definition's prohibition of "harassment" and "harm." Trapping which results in the death of the animal violates the ESA "take" prohibition against "killing" listed animals. "Take" includes direct as well as indirect harm and need not be purposeful. *See Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 704 (1995). A take may even be the result of an accident. *See National Wildlife Federation v. Burlington Northern Railroad*, 23 F.3d 1508, 1512 (9th Cir. 1994).

12. Trapping, snaring, or attempting to trap or snare, any endangered or threatened species is prohibited by law. "Take is defined in the broadest possible manner to include every conceivable way in which a person can 'take' or attempt to 'take' any fish or wildlife." *Defenders of Wildlife v. Administrator, EPA*, 882 F.2d 1294, 1300 (8th Cir. 1989).

13. The term "person" includes "any officer, employee, agent, department, or instrumentality … of any State, municipality, or political subdivision of a State … [or] any State, municipality, or political subdivision of a State …." 16 U.S.C. § 1532(13).

14. The ESA not only prohibits any person from directly taking wildlife, but also prohibits any person from causing an ESA violation to be committed. 16 U.S.C. § 1538(g). The ESA "not only prohibits the acts of those parties that directly exact the taking, but also bans those acts of a third party that bring about the acts exacting a taking." *Strahan v. Coxe*, 127 F.3d 155, 163 (1st Cir. 1997). Further, a "governmental third party pursuant to whose authority an actor directly exacts a taking … may be deemed to have violated the provisions of the ESA." *Id.; see*

*also Defenders of Wildlife v. EPA*, 882 F.2d 1294, 1301 (8th Cir. 1989) (holding EPA liable for violation of the ESA for its registration of strychnine pesticide administered by ranchers which poisoned endangered species); *Loggerhead Turtle v. County Council of Volusia Co.*, 148 F.3d 1231 (11th Cir. 1998), *cert. denied*, 526 U.S. 1081 (1999); *Sierra Club v. Lyng*, 694 F.Supp. 1260 (E.D.Tex. 1988), *aff'd Sierra Club v. Yeutter*, 926 F.2d 429 (5th Cir. 1991); and *U.S. v. Town of Plymouth, Mass.*, 6 F.Supp.2d 81 (D.Mass. 1998).

### STATEMENT OF FACTS

15. All trapping within the State of Minnesota must be in accordance with the Minnesota Hunting and Trapping Regulations administered and enforced by DNR. Approximately 10% of all trapping in the United States takes place in Minnesota. DNR sells approximately 6,000 trapping licenses in Minnesota each year.

16. DNR allows each licensed trapper to set unlimited numbers of leghold traps, snares, and Conibear kill traps in places where Canada Lynx range. Individual trappers have and will continue to set traps in the habitat of Canada Lynx in Minnesota as allowed by DNR's trapping regulations. DNR allows trappers to leave their traps unchecked and unattended for up to 72 hours.

17. Body-gripping, traps, including leghold traps, snares, and Conibear kill traps have the capacity to trap Canada Lynx. All three styles of traps (leghold, snare, and Conibear) can cause injury or death to Canada Lynx. Canada Lynx have been trapped and injured in Minnesota.

18. The Canada Lynx is listed as a threatened species under the ESA. Historically, Minnesota supported the largest population of Canada Lynx in the Great Lakes region, however in the early 1990s it was thought the Lynx was extirpated from Minnesota, largely as a result of

excessive trapping.  Today a small and fragile population of Canada Lynx is again living in Minnesota.

19.     DNR publicly acknowledged the presence of Canada Lynx in Minnesota in 2002.  Since that time, approximately 80 individual Lynx have been identified in Minnesota from DNA analysis.  An ongoing study being conducted by the Natural Resources Research Institute and the U.S. Forest Service has captured and fitted 33 Lynx with radio or Global Positioning System collars since February 2003.  Tragically, 16 of the 33 Lynx in that study have died.  At least one of these was trapped and killed accidentally and one was trapped and apparently killed intentionally.  Others have been hit by cars and trains.  In addition to the 16 Lynx from that study, 16 other Lynx have been confirmed killed in Minnesota by the U.S. Fish and Wildlife Service in the past few years, including six from trapping, seven from being hit by vehicles, and three from being shot.

20.     The following areas both: (1) contain occupied Canada Lynx habitat; and (2) are areas in which the DNR allows trapping:

(a) Superior National Forest in St. Louis, Lake, and Cook Counties;

(b) Chippewa National Forest in Beltrami, Itasca, and Cass Counties;

(c) Lost Lake Peatland State Scientific and Natural Area in St. Louis County;

(d) Wawina Peatland State Scientific and Natural Area in St. Louis County; and

(e) Sand Lake Peatland State Scientific and Natural Area in Lake County.

21.     The U.S. Fish and Wildlife Service has estimated that trapping accounts for 86% of Lynx mortalities nationwide.  As pelt price values for Lynx, Bobcat and other species continue to rise, trappers are setting an increasing number of traps targeting furbearing animals.  Due to

Page 7, AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

their similar size, Canada Lynx are particularly vulnerable to traps set to catch other furbearers such as Bobcat, Coyote, Fox, Fisher and Pine Marten.  Minnesota banned trapping of Lynx in 1984.  However, despite the prohibition on taking Lynx, DNR's authorization of traps and snares for other species has resulted, and continues to result, in the illegal taking of Lynx.

22. DNR has identified St. Louis, Lake, and Cook Counties as a "fisher/marten/otter/bobcat zone" for trapping purposes.  This area includes the Superior National Forest, the core of occupied Lynx habitat in Minnesota.  Trappers seeking Fisher, Marten, Otter and Bobcat will set indiscriminate traps and snares in this area.  These traps and snares will illegally take protected Lynx.  The following photo of a Canada Lynx trapped in a leghold trap in Canada is provided as an example:



Photo courtesy of Fur-Bearer Defenders.

23. At least 13 Canada Lynx have been trapped in Minnesota since 2002:

(a) On or about November 7, 2002, a Canada Lynx was caught in a leghold trap set for Fox in St. Louis County, Minnesota;

(b) On or about December 21, 2002, a Canada Lynx was caught in a leghold trap in Cook County, Minnesota;

(c) On or about January 4, 2003 a Canada Lynx was caught in a leghold trap set for Bobcat in Cook County, Minnesota;

(d) In January 2003, a possible Canada Lynx, or Lynx-Bobcat hybrid, was killed by a Conibear trap set for Fisher near Hibbing, Minnesota;

(e) On or about January 5, 2003, a Canada Lynx was caught in a snare set for Fox or Coyote and killed in Koochiching County, Minnesota;

(f) During the winter of 2002-2003, a Canada Lynx was caught in a snare set for Fox and killed in Clearwater County, Minnesota;

(g) On or about December 28, 2003, a radio collared Canada Lynx was caught in a snare set for Fox or Coyote in Lake or St. Louis County, Minnesota;

(h) On or about January 13, 2004, a Canada Lynx was caught in a snare in St. Louis County, about 15 miles North of Duluth, Minnesota;

(i) On or about October 10, 2004, a Canada Lynx was caught in a snare set for Fox and suffocated to death in Lake County, Minnesota;

(j) On or about October 22, 2004, a radio collared Canada Lynx was killed in a leghold trap set for fox in Cook County, Minnesota;

Page 9, AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(k) On or about November 28, 2004, a Canada Lynx was caught in a Conibear trap set for Fisher in St. Louis County, Minnesota;

(l) On or about January 8, 2005, a Canada Lynx was caught in a snare set for Coyote or Red Fox in St. Louis County, Minnesota;

(m) On or about November 29, 2005, a Canada Lynx was caught in a Conibear trap set for Marten in St. Louis County, Minnesota; and

(n) On or about December 28, 2005, a Canada Lynx was caught in a snare set for Fox and strangled to death in St. Louis County, Minnesota.

24. The number of Canada Lynx actually taken in traps and snares in Minnesota is likely much higher than the 13 confirmed instances reported above due to widespread failures to report such incidents.

### FIRST CLAIM FOR RELIEF

25. Each and every allegation set forth in this Complaint is incorporated herein by reference.

26. Defendant's authorization of trapping and snaring has caused and will continue to cause "take" of Canada Lynx in violation of Section 9 of the ESA and its implementing regulations. 16 U.S.C. § 1538; 50 C.F.R. § 17.31.

27. Plaintiffs are injured by Defendant's ongoing violations of the ESA.

28. Plaintiffs are authorized by the citizen suit provision of the ESA to bring this action and obtain injunctive relief to remedy ongoing violations of law by Defendant. 16 U.S.C. § 1540(g)(1).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment providing the following relief:

(1) A declaratory judgment that Defendant is violating Section 9 of the ESA by authorizing, administering, and allowing trapping and snaring practices that "take" Canada Lynx;

(2) An order enjoining Defendant from continuing to violate the ESA by authorizing, administering or allowing trapping and snaring practices that "take" Canada Lynx;

(3) An order awarding Plaintiffs their reasonable fees, costs, expenses, and disbursements, including attorneys' fees, associated with this litigation, pursuant to the citizen suit provision of the ESA, 16 U.S.C. § 1540(g); and

(4) An order providing such other relief as the Court deems just and proper.

Dated this 30th day of July, 2007.

Respectfully submitted,

/s/ Marc D. Fink
Marc D. Fink (MN License No. 343407)
Center for Biological Diversity
4515 Robinson Street
Duluth, Minnesota 55804
Ph: 218-525-3884; Fax: 218-525-3857
email: mfink@biologicaldiversity.org

John Buse (CA Bar No. 163156), *pro hac vice*
Center for Biological Diversity
5656 S. Dorchester Avenue, # 3
Chicago, Illinois 60637
Ph: 323-533-4416
email: jbuse@biologicaldiversity.org

James J. Tutchton (CO Bar. No. 21138), *pro hac vice*
Environmental Law Clinical Partnership
University of Denver, Sturm College of Law

Page 11, AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

2255 E. Evans Ave., Room 365H
Denver, Colorado 80208
Ph: 303-871-6034; Fax: 303-871-6991
email: jtutchton@law.du.edu

Attorneys for Plaintiffs