UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>SARAH STROMMEN *in her official capacity as Commissioner of the Minnesota Department of Natural Resources*,<br><br>Defendant. | Case No. 20-cv-2554 (ECT/JFD)<br><br>**PRETRIAL SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

During the September 23, 2021 Rule 16 conference, the parties presented quite different projections about the future course of this litigation. The Plaintiffs stated that the discovery needed in the case was slight, while Defendants stated that discovery would be needed for which Plaintiffs were not accounting. Plaintiffs sought a short litigation schedule, consistent with their view of the case's future, while Defendants, consistent with the path they believed the case needed to follow, sought a more prolonged case schedule.

1

The Court stated that it would review the matter and issue a Pretrial Scheduling Order during the week of September 27.

The Court does not find that discovery and other pretrial matters can be truncated to the degree sought by Plaintiffs, and therefore does not accept their somewhat aggressive pretrial schedule. At the same time, the Court similarly declines to adopt Defendant's pretrial schedule, which would not have this case trial ready until March of 2023. This case should be trial-ready within fourteen months from the entry of this Order, and the Court has derived the following deadlines from that trial ready date.

## **FACT DISCOVERY: DEADLINES AND LIMITATIONS**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **October 15, 2021**. If the parties plan to disclose the documents by a description by category and location of documents, they will exchange copies of the initial disclosure documents on or before **October 15, 2021**.

2. Fact discovery shall be commenced in time to be completed on or before **March 4, 2022**.

3. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **25 document requests** and no more than **25 requests for admissions** shall be served by each side.

4. No more than **5** depositions, excluding expert witness depositions, shall be taken by each side.

5. No provision is made for Rule 35 Independent Medical Examinations, as they would not produce relevant evidence in this case.

6. Discovery of Electronically Stored Information.

   The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

7. Claims of Privilege or Protection.

   The parties agree to assert claims of privilege within a reasonable time after

production in a privilege log that explains any withholding or redaction on that basis. The parties further agree that "super-privileged" material – i.e., communications including counsel during the litigation itself and/or materials generated by counsel pursuant to the litigation itself – can be withheld without needing to be logged on a document-by-document basis in a privilege log. The parties will meet and confer within ten days after the deadline for initial disclosures to discuss a "claw back" protocol and FRE 502 order.

## EXPERT DISCOVERY: DEADLINES AND LIMITATIONS

1. Plaintiff proposed that the necessity of expert witness testimony be evaluated later. Defendant did not propose a specific number of expert witnesses. The Court will allow each side to call up to **3** expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    a. Initial experts.

        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **March 15, 2022**.

        ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **March 15, 2022**.

    b. Rebuttal experts.

        i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **April 15, 2022**.

        ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **April 15, 2022**.

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **June 3, 2022**.

## DEADLINES FOR FILING MOTIONS

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **January 14, 2022**.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **April 1, 2022**.

3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **July 1, 2022**.

## NON-DISPOSITIVE MOTIONS: GUIDELINES

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at 651-848-

1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact (during the COVID pandemic, "personal contact" means by telephone), rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

**DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES**

All dispositive motions must be filed and served by the moving party on or before **August 1, 2022**. Counsel for the moving party should schedule the hearing shortly before filing their motion papers by calling the Courtroom Deputy for Judge Eric Tostrud at **651-848-1190**. The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

Two courtesy copies of all memoranda and one courtesy copy of all supporting documents should be delivered to Judge Tostrud's chambers no later than the next business

day after documents are filed on ECF. Judge Tostrud prefers that the courtesy copies be three-hole punched; unstapled; printed double-sided, if feasible; and, if voluminous, appropriately tabbed.

## **TRIAL**

This case shall be ready for a **bench** trial on **December 1, 2022.** The anticipated length of trial is **five days**.

Date: September 29, 2021            *S/ John F. Docherty*
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge