IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>          Plaintiffs,<br><br>vs.<br><br>SARAH STROMMEN *in her official capacity as Commissioner of the Department of Natural Resources*,<br><br>          Defendant,<br><br>and<br><br>Minnesota Trappers Association, National Trappers Association, and Fur Takers of America, Inc.,<br><br>          Defendant Intervenors. | Case No. 20-CV-2554 (ECT/JFD) |

### ANSWER BY DEFENDANT INTERVENORS MINNESOTA TRAPPERS ASSOCIATION, NATIONAL TRAPPERS ASSOCIATION AND FUR TAKERS OF AMERICA, INC.

Defendant Intervenors the Minnesota Trappers Association, National Trappers Association and Fur Takers of America, Inc., (collectively "Defendant Intervenors") hereby submit this Answer to the Complaint filed by the Plaintiffs in this action. In this Answer, Defendants Intervenors refer to Defendant Sarah Strommen, Commissioner of the Minnesota Department of Natural Resources, as the "State Defendant" and refer to the Center for Biological Diversity as the "Center".

1.   In response to the allegations in paragraph 1 of the Complaint, Defendant Intervenors deny that State Defendant has violated the Endangered Species Act ("the ESA"). The Defendant Intervenors deny that the Center is entitled to declaratory or injunctive relief. The Defendant Intervenors admit that Plaintiff seeks declaratory and injunctive relief in the present action. The Defendant Intervenors deny the remainder of the allegations in paragraph 1.

2.   Defendant Intervenors deny the State Defendant has violated the ESA and denies the Center is entitled to declaratory or injunctive relief. The Defendant Intervenors admit that the Center seeks declaratory and injunctive relief in this action.

3.   As to paragraph 2, Intervenors deny that the State Defendants violated the law or failed to remedy violations of the law. The Defendant Intervenors admit that this case arises under a federal statute but deny that the Center has standing.

4.   The statements in paragraphs 3 and 4 are legal conclusions which do not need to be admitted or denied. To the extent a response is needed, Defendant Intervenors deny the allegations therein and specifically reserve the right to challenge the jurisdiction of the court to consider the matter based on the previous Canada lynx lawsuit in the state of Minnesota. *See* Animal Prot. Inst. v. Holsten, 541 F. Supp. 2d 1073, (D.Minn. 2008).

5.   Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore deny the same.

6.   Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore deny the same.

7. Defendant Intervenors admit that the Center brought a lawsuit against the State Defendant related to Canada lynx alleging violations of Section 9 of the ESA, and that the litigation resulted in an order that required the State Defendant to apply for an incidental take permit (ITP) from the U.S. Fish and Wildlife Service (FWS) and make certain modification to the state's trapping regulations (collectively referred to as the 2008 remedial order.) The Defendant Intervenors deny the rest of the allegations in the first two sentences of paragraph 7. The Defendant Intervenors assert that the State Defendant is in full compliance with the 2008 remedial order, and therefore is in full compliance with the ESA. In response to sentence three of paragraph 7, the Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny the same.

8. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore deny the same.

9. The Defendant Intervenors deny the allegations in paragraph 9.

10. The Defendant Intervenors deny the allegations in paragraph 10.

11. The Defendant Intervenors deny the allegations in paragraph 11.

12. With respect to the allegations in paragraph 12, Defendant Intervenors admit that Sarah Strommen is the current Commissioner of the Minnesota Department of Natural Resources. Defendant Intervenors are without sufficient knowledge or information with respect to the remaining allegations in paragraph 12 and therefore deny the same.

13. The Defendant Intervenors are without sufficient information to admit or deny the veracity of the allegations in paragraph 13 and therefore deny the same.

14. In response to sentence one of paragraph 14, the Defendant Intervenors admit that the FWS listed the contiguous U.S. distinct population segment of the Canada lynx as a threatened species under the ESA. The Defendant Intervenors specifically deny that lynx were listed due to low population numbers or trapping and other inadequate regulatory mechanisms. The Defendant Intervenors admit the allegations in sentence two of paragraph 14. In response to sentence three of paragraph 14, the Defendant Intervenors admit that the critical habitat designation includes parts of northeastern Minnesota.

15. In response to the allegations in sentence one of paragraph 15, the Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same. The Defendant Intervenors deny sentence two of paragraph 15. The Defendant Intervenors are without sufficient information to deny the veracity of sentence three of paragraph 15 and therefore deny the same.

16. Paragraph 16 of the Complaint quotes a statute, which does not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

17. Paragraph 17 of the Complaint quotes a statute and cases, which do not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

18. Paragraph 18 of the Complaint quotes statutes and regulations, which do not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

19. Paragraph 19 of the Complaint states legal conclusions and cites statutes and a case, which do not need to be admitted or denied. To the extent a response is required, the

Defendant Intervenors deny the same. and specifically deny that the State Defendant has caused any take to be committed or engaged in any conduct sufficient to render it liable under the ESA in this case.

20. Paragraph 20 of the Complaint states a legal conclusion and cites a statute and a case, which do not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

21. Paragraph 21 of the Complaint states legal conclusions and cites statutes, which do not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

22. In response to the allegations in paragraph 22 of the Complaint, the Defendant Intervenors distinguish that the Center did not sue the State Defendant in 2006, but rather, joined in the lawsuit initiated by the Animal Protection Institute in 2007, as did the Defendant Intervenors. In response to the second sentence of paragraph 22, the Defendant Intervenors admit the quoted language appears in the 2008 summary judgement order. The Defendant Intervenors specifically deny that authorized trapping in the state has resulted in illegal incidental take of Canada lynx.

23. In response to paragraph 23, Defendant Intervenors admit that the Center has accurately quoted portions of the 2008 summary judgement order. The Defendant Intervenors assert that the State Defendant are in full compliance with the 2008 remedial order, and therefore the ESA. The Defendant Intervenors also assert that to the extent the Center has suffered an injury, if any, the State Defendant is not the cause of such injury. The Defendant Intervenors assert that this Complaint and the relief it seeks is barred, in whole or in part, by the Tenth Amendment and hold Plaintiffs to their strict burden of proof in this matter.

24. Defendant Intervenors admit the Center has accurately quoted portions of the 2008 summary judgement order in paragraph 24, but specifically deny that any wrongdoing has occurred and assert that the State Defendant is in full compliance with the 2008 remedial order and the ESA

25. In response to sentence one of paragraph 25, the Defendant Intervenors admit that the State Defendant applied for an ITP from the FWS and that the FWS has failed to act on the State Defendant's application. The Defendant Intervenors reiterate that the State Defendant is in full compliance with the 2008 remedial order and the ESA

26. The Defendant Intervenors are without sufficient information to admit or deny the allegations in paragraph 26 and therefore deny the same.

27. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore deny the same.

28. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny the same.

29. In response to sentence one of paragraph 29, the Defendant Intervenors deny that the State Defendant's trapping program is the cause of "an average of one deceased lynx every two years since 2008." The Defendant Intervenors admit that the quoted language in the first sentence of paragraph 29 appears in the document, but is mischaracterized by the Center. In response to the second sentence of paragraph 29, the Defendant Intervenors admit that the State Defendant is in full compliance with the 2008 remedial order, and therefore in full compliance with the ESA.

30. The Defendant Intervenors deny the allegations in paragraph 30.

31. Paragraph 31 of the Complaint cites a statute, which does not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

32. Regarding the allegations in paragraph 32, the Defendant Intervenors admit that the State Defendant prohibits trapping of Canada lynx and authorizes the licensed trapping of other furbearer species. The Defendant Intervenors deny that the State Defendant "incentivizes" the trapping of coyote and fox through its predator-control program and the sentence is misleading.

33. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny the same. The Defendant Intervenors specifically deny that lynx are "vulnerable" to being caught in traps set for other species.

34. The Defendant Intervenors admit that trappers licensed in Minnesota may use the types of traps listed in sentence one of paragraph 34, subject to numerous legal restrictions, rules and regulations. In response to the second sentence of paragraph 34, the Defendant Intervenors admit that some types of traps have the capacity to injure or kill lynx, but such action is extremely rare when used properly in accordance with all laws and restrictions

35. Paragraph 35 of the Complaint cites a rule, which does not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

36. Paragraph 36 of the Complaint cites a rule, which does not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

37. Paragraph 37 of the Complaint cites expedited emergency rules, which do not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

38. Paragraph 38 of the Complaint summarizes the 'Lynx Management Zone Regulations' booklet, which is the best evidence of its own contents and does not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same.

39. The Defendant Intervenors deny the allegations in paragraph 39.

40. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore deny the same.

41. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore deny the same.

42. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore deny the same.

43. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore deny the same.

44. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore deny the same.

45. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore deny the same.

46. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore deny the same.

47. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore deny the same.

48. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore deny the same.

49. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore deny the same.

50. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore deny the same.

51. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore deny the same.

52. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore deny the same.

53. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore deny the same.

54. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore deny the same.

55. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint. and therefore deny the same

56. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore deny the same.

57. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore deny the same.

58. The Defendant Intervenors deny the allegations in paragraph 58.

59. The Defendant Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore deny the same.

60. The Defendant Intervenors deny the allegations in paragraph 60 and specifically state that most accidentally trapped lynx are released unharmed.

61. In response to paragraph 61, the Defendant Intervenors restate and incorporate their answers to all of the preceding paragraphs.

62. Paragraphs 62, 63, 64 and 65 of the Complaint cite statutes and state legal conclusions which do not need to be admitted or denied. To the extent a response is required, the Defendant Intervenors deny the same and specifically deny that the State Defendant's trapping program violates the ESA.

63. In response to paragraphs A – E of the Request for Relief in the Complaint, the Defendant Intervenors have no response. To the extent a response is necessary, the Defendant Intervenors deny that the Center is entitled to any relief whatsoever.

64. Except as specifically admitted, qualified, or otherwise answered herein, Defendant Intervenors denies each and every matter, thing, and allegation in the Complaint.

## **AFFIRMATIVE DEFENSES**

Without taking on the burden of proof on a matter on which such burden rests on Plaintiffs, Defendant Intervenors assert that the following additional matters bar all or part of Plaintiffs' lawsuit.

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint asks this Federal Court to commandeer State regulatory resources in violation of the 10th Amendment to the United States Constitution, and principles of Federalism.

3. The Complaint fails to demonstrate standing.  Plaintiffs do not show that they have suffered an injury-in-fact caused by the State Defendant and redressable by the Court.

4. In additional to all other defenses, the State Defendant is not liable for any nondiscretionary actions they are required to take by statute or constitutional provision, including but not limited to Minn. Constitution Art. XIII, Sec. 12

5.  Plaintiffs have suffered no injury. In the alternative, Plaintiffs have caused any injury they have suffered.

6.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

7.  Defendant Intervenors assert as an affirmative defense any other matter constituting an avoidance or affirmative defense.

**WHEREFORE,** Defendant Intervenors respectfully request that this lawsuit be dismissed with prejudice, that Defendant Intervenors be awarded their reasonable attorneys' fees and costs to the extent permitted by applicable law, and that the Court award them such other and further relief as just and reasonable.

Dated: March 10, 2022

RINKE NOONAN, LTD.

*/s/Gary R. Leistico*
Gary R. Leistico (024448X)
Jayne E. Esch (0399215)
Suite 300 US Bank Plaza Building
1015 W. St. Germain St.
P.O. Box 1497
St. Cloud, MN  56302-1497
(320) 251-6700
Fax (320) 656-3500
Email:  gleistico@rinkenoonan.com
jesch@rinkenoonan.com

ATTORNEYS FOR DEFENDANT INTERVENORS MINNESOTA TRAPPERS ASSOCIATION, NATIONAL TRAPPERS ASSOCIATION, FUR TAKERS OF AMERICA, INC.